J-S34023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT |
| --- | --- |
| Appellee | OF PENNSYLVANIA |
| v. | |
| ALLEN W. VELA | |
| Appellant | No. 1709 WDA 2017 |

Appeal from the PCRA Order Entered October 12, 2017
In the Court of Common Pleas of Jefferson County
Criminal Division at No.: CP-33-CR-0000021-2004

BEFORE:  BOWES, STABILE, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED AUGUST 23, 2018**

Appellant Allen W. Vela *pro se* appeals from the October 12, 2017 order of the Court of Common Pleas of Jefferson County, which dismissed as untimely his fourth request for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As summarized by a prior panel of this Court:

> [Appellant] was convicted of six counts of involuntary deviate sexual intercourse [(18 Pa.C.S.A. § 3123(a)(6))], four counts of statutory sexual assault [(18 Pa.C.S.A. § 3122.1)], four counts of sexual assault [(18 Pa.C.S.A. § 3124.1)], six counts of aggravated indecent assault [(18 Pa.C.S.A. § 3125)], and six counts of endangering the welfare of children [(18 Pa.C.S.A. § 4304(a))].  The convictions arose from [Appellant's] sexual acts with his girlfriend's daughter from the time the child was four years old until she was six years old.  The trial court sentenced

---

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] to an aggregate sentence of thirty-four to eighty years in prison.[1] [Appellant] appealed his judgment of sentence and this Court affirmed the sentence on May 3, 2006. *See* *Commonwealth v. Vela*, 903 A.2d 54 (Pa. Super. 2006) (unpublished memorandum).

*Commonwealth v. Vela*, No. 2032 WDA 2007, at 1-2 (Pa. Super. Filed January 30, 2009), *appeal denied*, 983 A.2d 728 (Pa. 2009).

On September 5, 2017, Appellant filed the instant, his fourth, PCRA petition, asserting relief under *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017),[2] which was decided on July 19, 2017. Following its issuance of a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, the PCRA court denied Appellant PCRA relief on October 12, 2017. Appellant appealed to this Court. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement. Appellant complied. In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion.

On appeal,[3] Appellant argues only that "the sentencing court erred by not reversing its order determining Appellant to be a sexually violent predator requiring him to register for life as a sex offender." Appellant's Brief at 4

---

[1] On December 8, 2004, the trial designated Appellant to be sexually violent predator ("SVP") under Megan's Law II, 42 Pa.C.S.A. § 9795.4.

[2] In *Muniz*, our Supreme Court held that SORNA's registration provisions are punitive, and retroactive application of SORNA's provisions violates the federal *ex post facto* clause, as well as the *ex post facto* clause of the Pennsylvania Constitution.

[3] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." *Commonwealth v. Pitts*, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

(unnecessary capitalization omitted). Essentially, Appellant argues that *Muniz* renders his SVP designation and the resultant lifetime registration unconstitutional.

Before we may address the merits of this appeal, we must determine whether the PCRA court had jurisdiction to entertain the underlying PCRA petition. The PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized **by the Supreme Court of the United States or the Supreme Court of Pennsylvania** after the time period provided in this section and has been **held by that court to apply retroactively**.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

(3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court

of Pennsylvania, or at the expiration of time for seeking the review.

42 Pa.C.S.A. § 9545(b) (emphasis added). Section 9545's timeliness provisions are jurisdictional. *Commonwealth v. Ali*, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, the record reflects Appellant's judgment of sentence became final on May 3, 2006. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Because Appellant had one year from May 3, 2006, to file his PCRA petition, the current filing is facially untimely given it was filed on September 5, 2017.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. Here, Appellant invokes the time-bar exception of Section 9545(b)(1)(iii) of the PCRA in arguing that that our Supreme Court's decision in *Muniz* created a new substantive right that applies retroactively. Our Supreme Court has set forth a two-part test to determine the applicability of Section 9545(b)(1)(iii) to a new decision:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this [C]ourt after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past

> tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

***Commonwealth v. Abdul–Salaam***, 571 Pa. 219, 812 A.2d 497, 501 (2002).

To date, our Supreme Court has not recognized a new constitutional right in ***Muniz*** to be applied retroactively under Section 9545(b)(1)(iii). Appellant, therefore, is not entitled to relief under his untimely filed petition.

Additionally, Appellant, for the first time on appeal, raises an argument under ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017) to challenge his SVP designation. Under Pennsylvania Rule of Appellate Procedure 302(a), however, his argument is waived because he failed to preserve it for our review. ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Even if his ***Butler*** argument is not waived, he still is not entitled to relief. In ***Butler***, this Court concluded that, in light of our Supreme Court's decision in ***Muniz***, "Section 9799.24(e)(3) of SORNA [regarding SVP designation] violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." ***Butler***, 173 A.3d at 1218. This Court's reasoning in ***Butler*** was based on the United States Supreme Court's decision in ***Alleyne v. United States***, 570 U.S. 99 (2013) (holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable

doubt"), which our Supreme Court has held does not apply retroactively where, as here, the judgment of sentence is final. ***See Commonwealth v. Washington***, 142 A.3d 810, 820 (Pa. 2016) (holding that "***Alleyne*** does not apply retroactively to cases pending on collateral review"). Moreover, as noted earlier, to overcome the PCRA's one-year time-bar, Section 9545(b)(1)(iii) provides that the United States Supreme Court or our Supreme Court must have recognized a new constitutional right and have held it to apply retroactively. Here, we do not construe ***Butler***, which has not been adopted by our Supreme Court, to apply retroactively to cases pending on collateral review, including the instant case. Accordingly, Appellant would not obtain relief.

In sum, the PCRA court did not err in dismissing as untimely his PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2018